This is a motion to dismiss the indictment herein charging the above-named defendants with violation of section 1841 of the Penal Law. Briefly the counts charge these defendants, as Civil Service Commissioners of the County of Schenectady, with neglect of duty in three separate and distinct areas of alleged responsibility. Count One charges the defendants with willful neglect to hold competitive examinations. Count Two charges the defendants with neglect to strike provisional appointees from the official roster. Count Three charges the defendants with neglect to investigate alleged violations of the Civil Service Law. By decision of this court dated May 12,1960 the defendants and their counsel have been granted permission to inspect the Grand Jury minutes and this motion is now made on the Grand Jury minutes.
Archibald C. Wemple, J.
The Grand Jury which found the indictments herein was in session for a period commencing on November 9,1959 and continuing through January 14, 1960. On April 1, 1959 new sections of the Civil Service Law became effective. It does not appear from the indictments whether they relate to the law in effect previous to April 1, 1959 or the law subsequent to the date the law was amended.
The first count in the indictment charges the defendant Commissioners with failure to give timely examinations to civil employees who were already serving under provisional appointments. These appointees had held over in their positions beyond the nine-month period prescribed by the Civil Service Law. The Commissioners are empowered to give or provide for the giving of examinations by sections 11 and 11-a of the old Civil Service Law. Although it was admitted that some of the provisional appointees had held their positions as such for a period of years, the defendant Commissioners in their testimony set forth several explanations for these delays. They also pointed to the records of other counties where the number of provisional holdover appointees were greater than in Schenectady. *187 It is in this area of the inquiry that the Grand Jury apparently considered that the defendants had “ wilfully and wrongfully ” neglected to perform the duties allegedly enjoined upon them by law. In so doing, if in the judgment of the Grand Jury the evidence presented against the defendants was not sufficiently explained or contradicted, the Grand Jury was justified in bringing an indictment (see Code Crim. Pro., § 251). It is to be assumed that the Grand Jury considered that the evidence presented was of such a weight as to overcome the presumption of innocence (People v. Harris, 294 N. Y. 424). However, this motion is addressed to the sufficiency of the Grand Jury testimony and evidence. Later and at the time of the trial both the prosecution and defense will have ample opportunity to present both sides of the case. For this reason defendants’ motion to dismiss Count One is denied.
The next consideration of the motion to dismiss is addressed to Count Two of the indictment. This count charged that these defendants ‘ ‘ knowingly, willingly, wrongfully and unlawfully neglected to strike from the official roster” names of persons holding provisional appointments for a period longer than nine months. The Civil Service Law (§15 of old law, § 65 of present law) provides the manner in which provisional appointments may be made, their duration, and their extension under certain circumstances. It is quite obvious that the intendment of the law was to provide prompt examinations and establishment of eligible lists as soon as practicable after appointment of provisional employees. The law also provides that permanent appointments be made from such lists in order to give status and tenure to public service employees who have successfully proven their qualifications. A review of the Civil Service Law, both old and new, fails to indicate that the Civil Service Commissioners have the duty to dismiss provisional appointees in the event the examination is not given within the prescribed time. In fact, subdivision 3 of section 65 of the law, in effect since April 1, 1959, provides that even after examinations have been given and lists established thereunder provisional employees may be continued in public employment within certain limits if termination of their employment ‘ ‘ would disrupt or impair essential public services ”. This provision is probably intended for special or emergency situations and is only effective after an .inquiry and findings. This court takes judicial notice of the fact that because of the situation in Schenectady County the New York State Legislature enacted in 1959 and 1960 special laws permitting the preservation of ‘ ‘ the civil service status of provisional employees of the county of Schenectady and munici *188 palities therein pending determination of their civil service rights ”. (L. 1960, ch. 870.) This is indicative of the essential nature of the employment of at least some of the provisional appointees involved herein. Recently Honorable Charles M. Hughes, Justice of the Supreme Court, has granted an injunction ..restraining the State Civil Service Commission from rescinding certain civil service appointments of some of the provisional appointees. Therefore, it is doubtful that the members of the Schenectady County Civil Service Commission or its Commissioners had the power to rescind or remove provisional appointees by any means other than by examination and establishment of eligibility lists. It is certain that the defendants had no power of appointment and it follows that they had no power of removal. If this were not so, then the local commission could remove provisional appointees repetitively every nine months and so avoid the necessity of giving any examinations for permanent appointments through civil service. It follows that if there was no power to remove, then there could have been no duty to remove names from the list. Consequently, Count Two of the indictment must be dismissed.
The third count of the indictment charges the defendant Commissioners with wrongful and unlawful neglect to properly investigate violations of provisions of the Civil Service Law. The testimony reveals that the operations of the Schenectady County Civil Service Commission had been under review by the State Civil Service Commission and as a result of such inspections, certain reports and recommendations had been given to the Commissioners. The testimony further reveals that the Commissioners did make inquiries related to matters brought out in the inspections by the State Commission. Section 24 of the Civil Service Law empowers the State Civil Service Commission to remove municipal Civil Service Commissioners for incompetency, inefficiency, neglect of duty, misconduct, etc., after a hearing and yet it does not appear that any charges were ever made at any time by the State Commission against these defendant Commissioners for “ wilful neglect ” or any other violation of the Civil Service Law. With such close inspection, supervision and discipline available, this failure to file charges should be noted on this motion to dismiss. While the defendants had the power under the law to undertake an investigation it is understandable that the local commission did not undertake a. formal investigation in the light of the inspections, reports, and investigations made by the State Commission. And so, again, it is apparent that there was no willful neglect of duty to *189 investigate by these defendants.. Count Three of the indictment must likewise be dismissed.
The main issue herein is simple and clearcut. The supreme issue relates to the guilt or innocence of the defendants in the performance of their duties of holding or providing for the holding of examinations. All other matters such as continuing in service of provisional appointees, setting up eligibility lists, continuation in service of provisional appointees, permanent appointments, and maintenance of the official roster are all dependent upon the holding or providing for the holding of examinations. The defendants are entitled to their “ day in court” on this question. In the trial court the status and holdover of provisional appointees in other counties may be pertinent, the explanation of the delays in examinations in Schenectady County certainly will have a bearing, and in general the facts related to performance of duties by these defendants or their lack of such performance will be properly resolved on all the evidence presented before a jury in a fair and impartial trial.
For the reasons stated herein, motion to dismiss the first count is denied. Motion to dismiss the second and third counts is granted.